**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

UNITED STATES OF AMERICA

v.                                                      CRIMINAL NO. 5:03-CR-79-001(TES)

**RONALD NASIR MAHDI,
A/K/A RONALD EUGENE BENDER**

---

**ORDER ON MOTION FOR REDUCTION IN SENTENCE UNDER 18 U.S.C. §
3582(c)(1)(A) – COMPASSIONATE RELEASE**

---

Upon review of the record, the Court notes that in its September 25, 2025, Order (Doc. 313) granting the defendant's motion for sentence reduction (Doc. 310), the Court reduced the term of imprisonment in Case No. 5:03-CR-52-001(TES) from 550 months to 312 months and reduced the term of supervised release from 5 years to a "special term" of 3 years. At the time, Case No. 5:03-CR-52-001(TES) was the only case carrying a term of imprisonment and was the case in which the motion was filed.

The Court finds the defendant had four other cases with 5-year terms of supervised release to commence upon his release from imprisonment that were not expressly addressed in the September 2025 Order. The omission was inadvertent. It was the Court's intent at that time to reduce the term of supervised release in each of those other four cases from 5 years to "special terms" of 3 years, consistent with the relief granted in Case No. 5:03-CR-52-001(TES).

Accordingly, for the avoidance of doubt and to clarify the Court's prior ruling, the previously imposed 5-year term of supervised release in the above case is reduced to a "special term" of supervised release of 3 years. Pursuant to 18 U.S.C. § 3624(e), the term shall be served concurrently to his other four supervised release terms for a total supervised release term of 3 years. All previously imposed conditions of supervision shall remain in effect and unchanged, <u>except</u>: Any conditions requiring drug and/or alcohol testing are hereby suspended. In all other respects, the prior judgments and the September 25, 2025, Order remain unchanged.

FACTORS CONSIDERED (Optional)
<u>Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and USSG §§1B1.13(a)(1)(A) and (b)(2), the Court considered the defendant's advanced age of 76, the government's brief filed on August 18, 2025 (Doc. 311), his service of over 22 years imprisonment, and the defendant's age-based health deterioration. Accordingly, the Court finds extraordinary and compelling reasons warranting the sentence reduction.</u>

So ordered this  30th  day of   April          , 2026.



 s/Tilman E. Self, III
TILMAN E. SELF, III
U.S. DISTRICT JUDGE